[The following cases were not inserted in their alphabetic order by reason that the papers, or some essential information, was not accessible in time.]

## BARBOUR *v.* LITCHFIELD.

*December, 1859.*

Where a person indebted to a bank, in order to protect the bank, made the cashier thereof, as such, his attorney to collect certain dues to him, and the cashier, at the same time, undertook, by an instrument in which he signed himself "cashier of the Farmers' and Mechanics' Bank," to pay the debtor certain moneys from the proceeds ; *Held*, that an action would not lie on the instrument so signed against the cashier as an individual (after he had ceased to be an officer of the bank).

Mary A. Barbour, by her next friend Frederick S. Talmadge, in the year 1853, brought an action in the supreme court against Elisha C. Litchfield, on an alleged undertaking by him, to pay certain sums of money to John M. Barbour, the plaintiff's assignor.

At the trial at special term before the court without a jury, the following facts were found :

John M. Barbour, being indebted to the Farmers' and Mechanics' Bank of Detroit, Michigan, on November 7, 1850, executed a bond constituting the defendant as cashier thereof, his attorney to collect a United States Treasury warrant for six thousand seven hundred and sixty dollars $\frac{61}{100}$ issued in his favor on an Indian claim, so called, for eight thousand four hundred and thirty-five dollars $\frac{61}{100}$ which he had filed. Elisha Litchfield, the defendant, at the same time executed an instrument which he signed as "cashier of the Farmers' and

Mechanics' Bank," contracting to pay to Barbour two hundred and fifty dollars from the sum collected on the warrant from the further proceeds of the claim which had been previously assigned by Barbour to the bank above named. By this instrument Litchfield as cashier moreover promised to pay to Barbour one-sixth part of the amount recovered on the claim beyond the warrant already issued and now assigned to him, provided the said sixth part did not exceed two hundred and fifty dollars, and he agreed to pay that sum if it did. On November 8, 1850, John M. Barbour assigned this instrument to Walter Smith as trustee for Mary A. Barbour the plaintiff, and on September 12, 1852, Smith assigned the same to the said Mary.

John M. Barbour was, at the time he assigned the claim to the bank, indebted thereto in the sum of nine thousand dollars, which indebtednes has been met only by the proceeds of the warrant and the further sum on the Indian claim admitted by defendant's answer to have been received.

Litchfield ceased to be cashier in May, 1851.

The defendant by his answer was held to have admitted the receipt by him as cashier of the face of the warrant, and four hundred and fifty-seven dollars $\frac{20}{100}$ on the further claim referred to in his undertaking.

Judgment was rendered for the plaintiff for the sum of five hundred and eighty-five dollars $\frac{24}{100}$, the same being two hundred and fifty dollars from the proceeds of the warrant, and one sixth of the further sum recovered on the claim, with interest on both and the costs of the action.

*The supreme court* at general term affirmed the judgment. Defendant appealed.

*Wm. C. Noyes,* for the plaintiff, respondent.

*Charles Tracy,* for the defendant, appellant.

GRAY, J.—The claim upon which the defendant received the amount recovered against him, was assigned to him by Barbour in terms *as cashier* of the Farmers' & Mechanics' Bank, and

not to him individually—using the style of his occupation as a description of his person. When he was dealing with the defendant, he knew, therefore, that he was dealing with him as agent for the bank, not upon his own account. This question has recently been fully considered in Genesee Bank v. Patchin Bank, 13 *N. Y.* (3 *Kern.*) 309.

The judgment must be reversed and a new trial ordered.

Judgment reversed and new trial ordered.